# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2474

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Nebraska. |
| | * | |
| Eduardo Hinojosa, also known as Lalo, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: December 14, 2001
Filed: January 17, 2002

_____

Before McMILLIAN, JOHN R. GIBSON, and MAGILL, Circuit Judges.

_____

PER CURIAM.

Eduardo Hinojosa was convicted by a jury of one count of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and four counts of delivery of methamphetamine in furtherance of the conspiracy, in violation of 21 U.S.C. § 841(a)(1). The district court[1] sentenced Hinojosa to 292 months imprisonment. Hinojosa appeals his conviction, arguing that he is entitled to a new

_____

[1]The Honorable Richard G. Kopf, Chief Judge, United States District Court for the District of Nebraska.

trial because the district court abused its discretion in allowing the cross-examination of a defense witness and admission of impeaching rebuttal evidence. Hinojosa also argues that the district court erred in enhancing his sentence for obstruction of justice. For the reasons stated below, we affirm the judgment of the district court.

After a careful review of the record, we find that any error in the admission of evidence was harmless. See United States v. Capozzi, 883 F.2d 608, 616 (8th Cir. 1989) ("Reversal is warranted only where an abuse of discretion leads to prejudice." (quoting United States v. Lynch, 800 F.2d 765, 770 (8th Cir. 1986))). Hinojosa's jury trial lasted one week and included testimony from fourteen government witnesses from several law enforcement agencies including the FBI, ATF, DEA, and local law enforcement. We are unpersuaded that the admission of the challenged evidence was prejudicial.

Further, we find that the district court did not clearly err in enhancing Hinojosa's sentence for obstruction of justice. See United States v. Anderson, 68 F.3d 1050, 1055 (8th Cir. 1995) (standard of review). The district court credited the testimony of one of the threatened witnesses, and such credibility determinations are rarely disturbed on appeal. See United States v. Adipietro, 983 F.2d 1468, 1472 (8th Cir. 1993). We are unpersuaded that the district court's determination should be disturbed in this case.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.